### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF KANSAS

**DENISE S. WITT,**

      **Plaintiff,**

v.                                                                                          Case No. 05-2447-JWL-JTR

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

      **Defendant.**

### MEMORANDUM & ORDER

Plaintiff Denise Witt brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the decision of defendant, the Commissioner of Social Security, which denied disability insurance benefits under sections 216(i) and 223 of the Social Security Act. 42 U.S.C. §§ 416(i) and 423. The court referred this matter to a Magistrate Judge, who issued a Report and Recommendation to remand the case for further proceedings. The Commissioner submitted an objection to this report, arguing that the record supported a denial of benefits and that any error committed by the Administrative Law Judge ("ALJ") was harmless error. As explained below, however, the court will adopt the recommendation of the Magistrate Judge and remand the case for further proceedings.

**I.     Procedural Background**

On May 9, 2002, Ms. Witt submitted a claim for a period of disability and disability insurance benefits, alleging an onset date of April 16, 2002. Her application was denied both

initially and upon reconsideration, and at Ms. Witt's request, the ALJ held a hearing on March 10, 2004, to explore the matter. Ms. Witt appeared with counsel and testified at the hearing.

On July 22, 2004, the ALJ rendered his decision, determining that Ms. Witt was not under a "disability" as defined by the Social Security Act and was not eligible to receive disability insurance benefits. He found that although she could no longer perform her past relevant work, she was able to perform other work in the national economy. Ms. Witt requested review by the Appeals Council, which denied her request, rendering the ALJ's decision the final decision of the Commissioner. *Threet v. Barnhart*, 353 F.3d 1185, 1187 (10th Cir. 2003).

## II.     Standard of Review

The court has limited review of the Commissioner's determination that Ms. Witt is not disabled. *Hamilton v. Sec'y of HHS*, 961 F.2d 1495, 1497 (10th Cir. 1992). The court examines whether the decision is supported by substantial evidence in the record as a whole and whether the Commissioner applied the correct legal standards. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley*, 373 F.3d at 1118 (quotation omitted); *Hamlin*, 365 F.3d at 1214 (same). The court neither reweighs the evidence nor substitutes its judgment for that of the Commissioner. *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. Grounds for reversal exist if the agency fails to apply the correct legal standards or fails to demonstrate

reliance on the correct legal standards. *Hamlin*, 365 F.3d at 1114.

"The Commissioner follows a five-step sequential evaluation process to determine whether a claimant is disabled." *Doyal*, 331 F.3d at 760. The analysis evaluates whether: (1) the claimant is engaged in substantial gainful activity; (2) the claimant suffers from a severe impairment or combination of impairments; (3) the impairment is equivalent to one of the impairments listed in the appendix of the relevant disability regulation; and (4) the claimant possesses the residual functional capacity to perform his or her past work or (5) other work in the national economy. *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004); *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof through step four, and, if the claimant meets this burden, then the burden shifts to the Commissioner at step five. *Hackett v. Barnhart*, 395 F.3d 1168, 1171 (10th Cir. 2005).

### III.   The Report and Recommendation

The Magistrate Judge's Report and Recommendation focused on the allegations raised in Ms. Witt's petition. The Magistrate Judge found that the ALJ did not err in failing to complete a Psychiatric Review Technique (PRT) form because, effective September 20, 2000, an ALJ is no longer required to complete a form or attach it to his or her decision. 65 Fed. Reg. 50746 (Aug. 20, 2000) (codified at 20 C.F.R. § 404.1520a (2001)). Further, the Magistrate Judge concluded that the ALJ did not err in evaluating the opinion of Ms. Witt's treating physician, Dr. Mikki Minocha, because the ALJ specifically noted Dr. Minocha's opinion regarding Ms. Witt's inability to work forty hours a week and gave specific reasons supported by record evidence for discounting the physician's opinion. However, the Magistrate Judge

found error, as alleged by Ms. Witt, because the ALJ failed to address Dr. Minocha's diagnosis of "situational depression" and failed to apply the psychiatric review technique.

## IV.     Analysis of the Commissioner's Objections to the Report and Recommendation

In her filed objections to the magistrate Judge's Report and Recommendation,[1] the Commissioner alleges that remand is unnecessary because the record fails to support a finding that Ms. Witt had a severe mental impairment. The Commissioner further alleges that even if the ALJ erred in not addressing Dr. Minocha's diagnosis of "situational depression," it constituted harmless error because the evidence supported the ALJ's findings.

Stage two of the sequential evaluation process requires an assessment of whether the claimant suffers from a severe impairment or a combination of impairments. As the Tenth Circuit recently stated, "[i]t is beyond dispute that an ALJ is required to consider all of the claimant's medically determinable impairments, singly and in combination; the statute and regulations require nothing less." *Salazar v. Barnhart*, --- F.3d ---, 2006 WL 2875613, at \*6 (10th Cir. Oct. 5, 2006)(citing 42 U.S.C. § 423(d)(2)(B); 20 C.F.R. §§ 416.920(a), 416.923, 416.945). Furthermore, failure to consider all of a claimant's impairments constitutes reversible error, not harmless error as the Commissioner argues. *See id.* (citing *Langley v. Barnhart*, 373 F.3d 1116, 1123-24 (10th Cir. 2004).

In this case, the record indicates that Ms. Witt's treating physician, Dr. Minocha,

---

[1]As the Magistrate Judge informed the parties in his Report and Recommendation, those portions of the Report and Recommendation to which neither party objected are deemed admitted, and failure to object constitutes waiver of any right to appeal. *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1114 (10th Cir. 2004).

diagnosed her with situational depression on August 19, 2003 (Tr. 323-24). The ALJ never referred to this diagnosis, either in the hearing itself or in his written decision. The court is sympathetic to the Commissioner's argument, but because the ALJ failed to even *mention* Dr. Minocha's diagnosis, the court concludes the Magistrate Judge's recommendation is correct.

In light of the Tenth Circuit precedent cited above, the court finds that the failure of the ALJ to consider Ms. Witt's diagnosed mental impairment, both alone and in combination with her other impairments, constitutes reversible error. Furthermore, as the Magistrate Judge noted, the ALJ failed to apply the psychiatric review technique (PRT), as required in evaluation of all mental impairments.[2] 20 C.F.R. § 404.1520a. Although the ALJ is no longer required to fill out a PRT form, as mentioned above, he is still required to consider the criteria in 20 C.F.R. § 404.1520a and document the procedure accordingly in his opinion, which he did not do in this case.

The court, therefore, will remand the case to the ALJ for evaluation of Ms. Witt's mental impairment and for application of the psychiatric review technique, as set forth in 20 C.F.R. §404.1520a.

**IT IS THEREFORE ORDERED BY THE COURT THAT** in line with the Magistrate Judge's Report and Recommendation, the decision of the ALJ is reversed and the case is

---

[2]As the Magistrate Judge also noted, this failure to apply the PRT most likely occurred because the ALJ did not discuss "situational depression" and never recognized the presence of a mental impairment.

5

remanded for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g) in accordance with this Memorandum and Order.

**IT IS SO ORDERED.**

Dated this 5th day of December, 2006

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge