## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

Denise S. Witt,

    Plaintiff,

v.             Case No. 05-2447-JWL

Michael J. Astrue, Commissioner
of Social Security,

    Defendant.


### MEMORANDUM & ORDER

   After the Commissioner of the Social Security Administration denied plaintiff Denise S. Witt's application for disability insurance benefits under Title II of the Social Security Act, plaintiff retained counsel pursuant to a contingent fee agreement for the purpose of appealing the decision.  On plaintiff's behalf, her counsel brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the decision of the Commissioner.  The court referred the matter to a magistrate judge who recommended remanding the case for further proceedings. Over an objection by the Commissioner, the court adopted the report and recommendation of the magistrate judge, reversed the decision of the Commissioner and remanded the case for further administrative proceedings.  The Appeals Council thereafter remanded the matter to the administrative law judge for a new hearing and, on remand, the ALJ issued a decision fully favorable to plaintiff.  The Commissioner then issued a Notice of Award informing plaintiff that she was entitled to $82,084 in past-due benefits and that the agency was withholding 25 percent

of the total amount of past-due benefits ($20,521) to pay any attorney fees that might properly be awarded under 42 U.S.C. § 406.  A subsequent Amended Notice of Award advised plaintiff that the Commissioner had paid her counsel $5300 in attorney's fees for work done before the Commissioner and that the Commissioner would continue to withhold the remaining $15,221 for fees for work done before the district court.

This matter is now before the court on plaintiff's counsel's motion under 42 U.S.C. § 406(b)(1)(A) for an award of $15,221 in fees for his work before the court.[1]  The amount requested by counsel is based on the contingent fee agreement under which plaintiff has agreed to pay him 25% of any award of past-due benefits.[2]  The motion is supported by documentation of the 32.6 hours plaintiff's counsel spent on the case.  The Commissioner challenges the reasonableness of the amount requested, arguing that the effective hourly rate would be a windfall for obtaining a favorable decision in a routine social security case. [3]

---

[1]The court has already granted plaintiff's motion for an award of $4214.73 in attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA) and plaintiff's counsel has acknowledged his obligation to return to plaintiff the lesser of his EAJA award or any § 406(b) award the court might grant.

[2]As noted, the total amount of plaintiff's past-due benefits is $82,084.  Twenty-five percent of that sum is $20,521.  Because he has already received $5300 from the $20,521 for agency-level work, plaintiff's counsel here requests the remaining $15,221 for court-level work.

[3]The Commissioner contends that the effective hourly rate is $621.20, calculated by dividing $20,521 by 32.6 hours of work.  But plaintiff's counsel is requesting only $15,221 for fees related to district court activity and the 32.6 hours of work relates only to district court activity.  In other words, the $5300 already obtained by counsel concerned work at the agency level such that it should not be counted against the 32.6 hours of work performed at the district court level.  The proper calculation, then, is to divide $15,221 by 32.6 hours, which yields an effective hourly rate of $466.90.

Under 42 U.S.C. § 406(b), whenever a court finds in favor of a claimant who was represented by an attorney, it may determine a reasonable fee for court representation, not in excess of 25% of the past-due benefits awarded by reason of the judgment. *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933 (10th Cir. 2008) (citing 42 U.S.C. § 406(b)(1)(A)). The Supreme Court has held that § 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *McGraw v. Barnhart*, 450 F.3d 493, 498 (10th Cir. 2006) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)). In *Gisbrecht*, the Court instructed district courts to look first to the contingency fee agreement and then consider, for example, the character of the attorney's representation and the results achieved. *Id*. at 808. Although the Supreme Court has rejected application of the lodestar approach in this context, in evaluating the requested fee's overall reasonableness the court may nevertheless consider the hours the attorney spent representing the claimant before the court and the attorney's hourly billing rate for non-contingent fee cases. *Id.* The claimant's attorney bears the burden of showing that the fee sought is reasonable for the services rendered. *Id*. at 807.

The Supreme Court also recognized certain instances in which a reduction of a § 406(b) request is proper, including those occasions when "the benefits are large in comparison to the amount of time counsel spent on the case," resulting in a windfall for the lawyer. *Id*. at 808 (citations omitted). In an unpublished decision, the Tenth Circuit has relied on *Gisbrecht* to affirm a district court's reduction of a § 406(b) request from an effective hourly rate of $442.48

3

to an effective hourly rate of $200. *Scherffius v. Astrue*, 296 Fed. Appx. 616, 618-20 (10th Cir. 2008). In reducing the amount of the award, the district court emphasized that the case did not involve novel or difficult issues and that the effective hourly rate of $442.48 would result in a windfall. *Id*. at 619-20. On appeal, the claimant's counsel complained that, among other things, the district court failed to explain how it arrived at a $200 hourly rate. *Id*. at 620. Rejecting the argument, the Tenth Circuit noted that counsel bore the burden of persuasion regarding the fee amount and he failed to meet that burden because he did not state his own hourly fee and did not provide any "information on the hourly fees charged by attorneys of like skill on like cases." *Id*. Relying on *Gisbrecht* and *Scherffius*, the Commissioner here contends that a reduction is appropriate because the contingent fee arrangement between the claimant and her counsel yields an unreasonable windfall to counsel–an effective hourly rate of $466.90 for a fairly standard social security case. In support of his motion, counsel for plaintiff contends that the fee is reasonable considering the length of the representation (7 years) and the resulting perseverance required by counsel; plaintiff's medical conditions of depression and fibromyalgia are not easily established; and a full recovery was achieved. While the court appreciates that plaintiff's claim took a considerable length of time to process and that her medical conditions might not be easily proven, the fact remains that plaintiff's counsel spent less than 35 hours working on plaintiff's case at the district court level. This amount of time undercuts counsel's suggestion that the case was something other than a garden variety social security appeal. *See Nave v. Barnhart*, 2003 WL 22300178, at *2 (D. Kan. Oct. 7, 2003) (the typical number of hours claimed in EAJA applications in "straightforward" disability cases is between thirty and forty)

(collecting cases). And while the court will consider counsel's success in ultimately fashioning a reasonable fee, that success does not itself support an hourly rate in excess of $450.

The court turns, then, to establishing a reasonable fee for counsel's work before the court concerning plaintiff's claim for benefits–a task rendered much more difficult because counsel states that he does not perform any work on an hourly basis, has not surmised what his hourly rate would be, and he has not provided any evidence or argument about prevailing market rates charged by attorneys of like skill on like cases in the metropolitan area. The court, then, is left to discern a reasonable rate based on recent cases from the Tenth Circuit and in the District of Kansas that have analyzed § 406(b) requests in light of *Gisbrecht*. As noted earlier, the Tenth Circuit approved an effective $200 hourly rate in *Scherffius*, a rate that the district court set in part because the Commissioner agreed to a remand after the claimant's counsel filed his initial brief. Here, of course, the Commissioner did not voluntarily remand the case and, thus, the court believes that an effective hourly rate of $200 is a reasonable baseline from which to measure a reasonable fee.

From there, the court looks to two recent cases in this district in which the courts reduced § 406(b) requests to effectively hourly rates of $389.61 and $344.73, respectively. In the first, Judge Murguia concluded that a total fee award of $15,000 (reduced from the $33,763 requested and yielding an effective hourly rate of $389.61) was reasonable even though it represented nearly twice the attorney's standard hourly rate of $200 because the attorney had represented the claimant for over 10 years and achieved a highly favorable result. *Smith v. Astrue*, 2008 WL 833490, at *3 (D. Kan. March 26, 2008). In the second, Judge Vratil concluded that a total fee

which yielded an effective hourly rate of $344.73–which she calculated by reducing the requested hourly rate by a "factor of 2.8 to account for the statistical rate of success of social security appeals"–was reasonable because it fell within "the range of hourly rates typically awarded by the judges of this district in similar cases." *Vaughn v. Astrue*, 2008 WL 4307870, at *2 (D. Kan. Sept. 19, 2008).

The court concludes that a reasonable effectively hourly rate in this case is $350.00 in light of the fully favorable result achieved by plaintiff's counsel on plaintiff's behalf, the length of the representation and the fact that the rate falls within the range generally awarded in this District.   That hourly rate multiplied by 32.6 hours of work yields a total fee award of $11,410 for work performed at the district court level.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the motion for 42 U.S.C. § 406(b) fees (doc. 18) is **granted in part and denied in part**.  Plaintiff's counsel is entitled to $11,410 in fees under 42 U.S.C. § 406(b).  The Commissioner shall pay the fees from the amount he is withholding from plaintiff's past due benefits and the remainder of the withheld benefits shall be paid to plaintiff.

**IT IS FURTHER ORDERED** that plaintiff's counsel shall refund to plaintiff $4214.73 which he received as fees under the Equal Access to Justice Act.

Dated this 9th day of October, 2009, at Kansas City, Kansas.

6

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

7